Date signed June 28, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHRISTINA M. JAYNES | : | Case No. 06-18135PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case comes before the court on the Debtor's Motion for Authorization to Refinance her residence, and the opposition of the Standing Chapter 13 Trustee thereto. This case presents a successful effort by the Debtor and her non-filing spouse to take advantage of the bankruptcy process to the detriment of her unsecured creditors without priority.

Debtor filed this bankruptcy case under Chapter 13 on December 14, 2006. The purpose of the filing was to enable her to work out a Plan and dispose of $109,725.00 in unsecured claims without priority. Of these claims, all were in her name alone, other than one scheduled claim said to be held by Wachovia for a joint obligation as to which a claim was filed in the sum of $19,148.36. Under the terms of Debtor's Chapter 13 Plan confirmed by Order entered February 23, 2007, Debtor is to pay monthly payments of $563.00 a month for a total of $33,780.00. After payments of $2,000.00 administrative claims for her attorney's fees, payment of Wachovia in full, and a Trustee's commission of approximately $2,350.00, a payment is to be made of approximately 10% to the remaining unsecured creditors not holding joint claims.

At the time of filing of the case, Debtor and her non-debtor spouse were not behind in their payments to any secured creditor. The result is that the Jaynes, who earned over $160,000.00 in 2004 and 2005, will emerge from the bankruptcy process free of the unsecured

debts owed by Mrs. Jaynes, and, after the refinancing, Mr. Jaynes' credit cards will be paid off with the proceeds of a loan secured by a Deed of Trust that requires monthly payments of $1,014.00, a sum substantially less than the minimum payments due on the credit card debt owed by Mr. Jaynes, and with nearly $350,000.00 in equity in their residence. Inasmuch as Mr. Jaynes did not have to file a bankruptcy case to achieve this result, he retains the bankruptcy option should the parties again run up $150,000.00 in credit card debt. Mr. Jaynes also retains his near flawless credit rating. Future creditors would be well advised not to extend credit to either Christina or Philip Jaynes individually.

      In any event, the Jaynes may do what they seek to do and obtain the refinancing secured by a second mortgage on the interests of both of them. Counsel for the Debtor shall submit an appropriate Order.

cc:
Scott Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21703
Christina M. Jaynes, 11320 Country Club Road, New Market, MD 21774
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**